UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA C. BRANSON, | No. 2:15-cv-2675 AC |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner Of Social Security,[1] | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[2] For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant the

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on March 29, 2017). She is therefore substituted as the defendant in this action. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

Commissioner's cross-motion for summary judgment. The ALJ did not commit reversible error. It is not clear whether or not the ALJ considered the January 7, 2014 MRI of plaintiff's spine, but even if he failed to consider it, any error was harmless. Moreover, the ALJ properly rejected plaintiff's testimony.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on March 9, 2012. Administrative Record ("AR") 12 (decision).[3] The disability onset date was alleged to be May 1, 1996. Id. The applications were disapproved initially, and on reconsideration. Id. On June 25, 2014, Administrative Law Judge ("ALJ") Peter F. Belli presided over the video hearing on plaintiff's challenge to the disapprovals. AR 32-61 (transcript). Plaintiff was present and testified at the hearing. Id. Plaintiff was represented by non-attorney Steven Skinner at the hearing. Id. Alina Sala, a vocational expert ("VE"), also testified at the hearing. Id.

On August 20, 2014, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 12-19 (decision), 20-22 (exhibits). On October 30, 2015, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 2-4 (decision).

Plaintiff filed this action on December 28, 2015. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 15 (plaintiff's summary judgment motion), 16 (Commissioner's summary judgment motion), 17 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1965, and was 46 years old on the application date. AR 18. Plaintiff has a high school education. AR 18.

---

[3] The AR is electronically filed at ECF Nos. 12-1 to 12-8 (AR 1 to AR 315). A paper copy is lodged with the Clerk of the Court. ECF No. 12.

### III.   LEGAL STANDARDS

"[A] federal court's review of Social Security determinations is quite limited." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015). The Commissioner's decision that a claimant is not disabled will be upheld "unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

"'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Garrison, 759 F.3d at 1009. "While inferences from the record can constitute substantial evidence, only those reasonably drawn from the record will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation and internal quotation marks omitted).

The court reviews the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Rounds v. Commissioner Social Security Admin., 807 F.3d 996, 1002 (9th Cir. 2015); Attmore v. Colvin, 827 F.3d 872, 875 (9th Cir. 2016) ("[w]e cannot affirm … "simply by isolating a specific quantum of supporting evidence").

It is the ALJ's responsibility "to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." Brown-Hunter, 806 F.3d at 492 (internal quotation marks omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Thus, in reviewing the Commissioner's decision, this court does not substitute its discretion for that of the Commissioner. See Brown-Hunter, 806 F.3d at 492 ("[f]or highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency") (internal quotation marks omitted).

The court may review "only the reasons provided by the ALJ in the disability

determination and may not affirm the ALJ on a ground upon which he did not rely." Garrison, 759 F.3d at 1010. Finally, the court will not reverse the Commissioner's decision if it is based on "harmless error," meaning that the error "is inconsequential to the ultimate nondisability determination …." Brown-Hunter, 806 F.3d at 492 (internal quotation marks omitted).

## IV.   RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a. Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.   THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since March 9, 2012, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairments: degenerative disc disease of the lumbar spine and thoracolumbar scoliosis (20 C.FR 416.920(c)).
>
> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). The claimant can stand/walk six hours in an eight-hour workday; sit eight hours in an eight-hour workday. She is able to occasionally stoop, crouch, crawl and kneel. She however, is restricted to no climbing of ladders/ropes/scaffolds.
>
> 5. [Step 4] The claimant has no past relevant work (20 CFR 416.965).
>
> 6. [Age] The claimant was born on … 1965 and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. [Education] The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. [Transferability of job skills] Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. [Step 5] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the

|   |   |
|---|---|
| 1 | claimant can perform (20 CFR 416.969 and 416.969(a)). |
| 2 | 10. The claimant has not been under a disability, as defined in the Social Security Act, since March 9, 2012, the date the application was filed (20 CFR 416.920(g)). |

AR 14-19.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 14.

## VI.   ANALYSIS

Plaintiff argues that the ALJ erred by failing "to adequately consider the record as a whole."  ECF No. 15 at 10-11.  Plaintiff further argues that the ALJ improperly rejected her "pain and symptom testimony."  Id. at 12-15.

### A.  The Record as a Whole

Plaintiff argues that the ALJ failed to consider the January 7, 2014 report of an MRI conducted on plaintiff, and interpreted by Marc Griffey, M.D.  ECF No. 15, citing AR 301-02.  Dr. Griffey finds, among other things: "Moderate scoliosis of the lumbar spine;" and "Right L5 nerve root is displaced about 4 mm."  AR 268 (Exh. 8F/9-10), 301 (Exh. 10F/3-4).  Plaintiff argues that this is not harmless error because the MRI could show that plaintiff meets The Listing of Impairments ("Listings"), 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.  ECF No. 15 at 11.

Defendant argues that the ALJ did consider the MRI.  ECF No. 16 at 7.[4]  She further argues that even if the ALJ improperly ignored the MRI, any such error was harmless, because (among other problems), there was no evidence of "muscle weakness" as required to meet Listings § 1.04A.

Defendant is correct that any error here was harmless.  In order to show that plaintiff meets Listings § 1.04A, plaintiff would have to show "muscle weakness" at a minimum.  See Leon v. Astrue, 2011 WL 1077679 at *7, 2011 U.S. Dist. LEXIS 35999 at *23 (E.D. Cal. 2011) (Oberto, M.J.) (non-disability finding in Listings § 1.04A case was not erroneous where there was

---

[4] AR 268 (Exh. 8F/9-10) and 301 (Exh. 10F/3-4), are both copies of the January 7, 2014 MRI.  However, AR 268 (Exh. 8F/9-10), is very difficult to read, and this is the only one the ALJ refers to in his decision.  See also, AR 39-40 (discussion at hearing of the difficulty of reading one of the January 7, 2014 MRI's).

not substantial evidence of muscle weakness).[5] Plaintiff does not identify anywhere in the record where evidence of muscle weakness can be found, and the court's review of the record does not reveal any.[6]

In her Reply brief, plaintiff argues for the first time that by failing to address the MRI report, the ALJ did not properly consider plaintiff's limitations. The Reply brief is not the proper place to raise brand new arguments on this appeal. If the reply argument were potentially meritorious, the court would give the Commissioner an opportunity to address it in a sur-reply before deciding it. However, the argument is not meritorious.

Plaintiff asserts that she would not be able to perform the "light work" called for in the residual functional capacity ("RFC") finding, because "[t]he standing requirement of light work do[es] not fully consider Ms. Branson's radicular symptoms, consistent with nerve root displacement." ECF No. 17 at 4-5. The applicable regulations provide that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10.[7] Plaintiff does not identify any medical opinion in the record that indicates that plaintiff cannot meet the "light work" requirement. To the contrary, all the medical

---

[5] That Listings requires:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, *motor loss (atrophy with associated muscle weakness or muscle weakness*) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)

Listings § 1.04A (emphasis added). The parties' briefs quibble over whether or not the medical evidence shows "nerve root compression." See ECF Nos. 15 at 10-11 (plaintiff argues that "nerve root displacement" satisfies the Listings); 16 at 9 (defendant argues that "[n]erve root displacement is … not the same as nerve root compression"). However, the absence of any evidence of muscle weakness renders that dispute irrelevant. See Sullivan v. Zebley, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.") (emphasis in text).

[6] At the hearing before the ALJ, plaintiff's representative indicates that muscle weakness was not documented in the record. AR 41 ("ALJ: I could not find the muscle weakness from the doctor. Rep: I don't think he documented it.").

[7] Titles II and XVI: Determining Capability To Do Other Work – the Medical-Vocational Rules of Appendix 2, 1983 WL 31251, 1983 SSR LEXIS 30 (1983).

7

1  opinions in the record that address plaintiff's exertional imitations state: "Standing and/or

2  walking (with normal breaks) *can be done* up to 6 hours in a normal 8-hour workday." See

3  AR 225 (May 29, 2012, consulting examining doctor Kristof Siciarz, M.D) (emphasis added).[8]

4      B.  Rejecting Plaintiff's Pain and Symptom Testimony

5      In her "Function Report – Adult," plaintiff states that she "can not stand or sit for any

6  length of time. … If I sit or stand for any time I'm in a lot of pain. I sit for to[o] long and I

7  can[']t stand up my right leg does not hold my weight." AR 179, 183 ("can[']t sit for long

8  periods of time"). She further states that she can only walk "10-15" minutes before she has to

9  rest. AR 184. At the hearing before the ALJ, plaintiff testified that she loses her balance and

10 falls, and that she can only walk for one hour at a time. AR 57, 58. She further testified that

11 "sitting kills me." AR 59.

12     The ALJ rejected this testimony for two reasons. First, "these allegations are inconsistent

13 with treatment notes that show that the claimant's physical condition is well controlled." AR 16.

14 Second, "these allegations are inconsistent with medical opinions that show that the claimant has

15 considerable work-related abilities despite his impairments." AR 17. In fact, as noted above, all

16 three medical opinions addressing the issue state that plaintiff can stand or walk for six hours of a

17 normal 8-hour workday. They also state that plaintiff can sit for long periods of time. AR 225

18 (plaintiff can sit "without restrictions"); see also, AR 70 (plaintiff can sit "[a]bout 6 hours in an 8-

19 hour workday"), 80 (same). This is substantial evidence which the ALJ was entitled to rely upon

20 in rejecting plaintiff's subjective testimony about her ability to stand or walk, and sit:

21         The ALJ … rejected Carmickle's testimony that he can lift only 10
        pounds occasionally in favor of Dr. Patton's contradictory opinion
22         that he can lift up to 10 pounds frequently. Contradiction with the
        medical record is a sufficient basis for rejecting the claimant's
23         subjective testimony. Johnson v. Shalala, 60 F.3d 1428, 1434 (9th
        Cir.1995). Thus, we conclude that … [the reason] relied on by the
24         ALJ … [is] supported by substantial evidence in the record.

25 Carmickle v. Comm'r, Social Security Administration, 533 F.3d 1155, 1161 (9th Cir. 2008).

26 ----

[8] See also, AR 70 (January 2, 2013, reviewing doctor Vivienne J. Kattapong, M.D.) (plaintiff can
27 "Stand and/or walk (with normal breaks) for a total of: About 6 hours in an 8-hour workday), (80
(June 13, 2012, reviewing doctor M. Tambellini, M.D.) (same).
28

Plaintiff argues that "[t]he ALJ erroneously relied on objective evidence to discredit Ms. Branson's pain and symptom testimony." ECF No. 15 at 14. Plaintiff is correct that her allegations of pain cannot be rejected simply because of the *absence* of objective medical evidence to support it. 20 C.F.R. § 416.929(c)(2); Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc) ("the adjudicator may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence"). However, the ALJ may consider and rely upon objective medical evidence and physician opinions that *contradict* plaintiff's subjective testimony. See Carmickle, 533 F.3d at 1161 ("[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony"). That is what the ALJ did here, and there is no error in it.

## VII.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16), is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: March 30, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE